UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.                                                                              CASE NO. 5:21-cr-3-JA-PRL

OMAR ESPARZA-SILVA

### ORDER

Before the Court is Defendant Omar Esparza-Silva's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 94). Esparza-Silva seeks a sentence reduction under Amendment 821 to the Sentencing Guidelines, which applies to certain zero-point offenders and limits the use of status points. *See United States v. Arroyo-Mata*, 730 F. Supp. 3d 1323, 1323 (N.D. Ga. 2024) (stating that Amendment 821 "provides a two-offense level reduction for defendants with zero criminal history points"); *see also United States v. Vente-Orobio*, No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024).

The Federal Public Defender, who was appointed for this proceeding, submits a memorandum (Doc. 98) detailing that although Esparza-Silva "received two 'status points,'" he is ineligible for a sentence reduction under this amendment because he was sentenced to the 120-month mandatory minimum on Count 1—possession with intent to distribute 50 grams or more of

methamphetamine under 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)—and thus his sentence cannot be reduced further." (*Id.* at 2).[1] Indeed, Esparza-Silva's sentence cannot be reduced under this amendment because any reduction would result in his sentence being below the ten-year statutory mandatory minimum term of imprisonment for 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). *See United States v. Aguilar*, No. 17-80177-CR, 2024 WL 3939006, at *5 (S.D. Fla. Aug. 6, 2024) (explaining that "the Court may not reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) below the statutory mandatory minimum sentence for an offense as a result of an amendment" (citing U.S.S.G. § 1B1.10 cmt. n.1(A))), *report and recommendation adopted,* No. 17-80177-CR, 2024 WL 3936064 (S.D. Fla. Aug. 26, 2024).

Thus, Esparza-Silva's motion for a sentence reduction (Doc. 94) is **denied**.

**DONE** and **ORDERED** on September 24, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Omar Esparza-Silva
Counsel for Defendant

---

[1] For Esparza-Silva's second count—illegal re-entry after prior deportation or removal—the Court imposed a 12-month sentence to run concurrent with Count 1. (Doc. 95 at 1).

2